# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | No. 3:23-cr-00052 |
| ) | Judge Aleta A. Trauger |
| ) | |
| JAMES EDWARD COWAN ) | |

## MEMORANDUM & ORDER

Before the court is defendant James Cowan's Motion to Suppress Evidence. (Doc. No. 25.) The defendant contends that police lacked probable cause to search the car in which he was a passenger at the time of his arrest on January 21, 2021 and that the evidence seized from that vehicle must be suppressed. Cowan also requests an evidentiary hearing on his motion. (*See id.* at 5.)

The government opposes the motion on several grounds, including that (1) the defendant did not have a reasonable expectation of privacy in the car in which he was a passenger, given that it was a rental car, and he was not identified in the (expired) rental contract as either the contracting party or an authorized driver; (2) the investigative officers had probable cause to search the vehicle; and (3) the contraband found in the car would inevitably have been discovered. (Doc. No. 26.) The government also takes the position that an evidentiary hearing is unnecessary.

In an Order entered on May 23, 2023, the court directed the defendant to file a Reply, addressing with greater particularity the question of whether an evidentiary hearing is necessary. (Doc. No. 27.) The defendant thereafter filed a Reply, in which he asserts that he "defers to the Court on the question of his reasonable expectation of privacy in the vehicle" but maintains that

an evidentiary hearing is necessary to "determine the applicability of the inevitable discovery doctrine." (Doc. No. 30, at 2.) After being directed by the court to do so, the defendant then filed a Notice Regarding Intended Evidence at Hearing, in which he clarifies that, in order to protect his Fifth Amendment right to testify in his defense, he does not intend to present any evidence "addressed to the issue of his standing to contest the search of the vehicle." (Doc. No. 32, at 2.)

I. BACKGROUND

Cowan was indicted on March 6, 2023 on charges of (1) knowingly and intentionally possessing with intent to distribute quantities of various substances containing fentanyl, amphetamine, marijuana, and alprazolam, all controlled substances, in violation of 21 U.S.C. § 841(a)(1); (2) attempting to possess with intent to distribute a quantity of a substance containing alprazolam, a controlled substance, in violation of 21 U.S.C. § 846; (3) possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and (4) possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 14.)

According to the Statement in Support of Criminal Complaint, Cowan was arrested in Nashville on January 12, 2021 by detectives with the Metropolitan Nashville Police Department on an outstanding warrant for criminal homicide. (Doc. No. 1 ¶ 4.) At the time of his arrest, he was a passenger in the subject vehicle. The search of Cowan's person incident to the arrest turned up a substantial quantity of drugs and cash. The arresting officers then searched the vehicle and located more drugs as well as two firearms. (*Id.*)

At the detention hearing, the government introduced as exhibits a "receipt showing vehicle rented 11/15/20 in the name of Travis Sewell" and "documentation of vehicle rented from Hertz in Travis Sewell's name." (*See* Doc. No. 12-1 (identifying Exhibits 4 and 5).) These documents show that the rental car in which the defendant was a passenger had been rented from Hertz by an individual identified as Travis Sewell, who provided Hertz a home address in Long Beach,

California. (*See* Doc. No. 26-1.) The documents also show that the car was rented in Indianapolis, Indiana on November 15, 2020 and was to have been returned to Hertz, presumably in Indianapolis, by November 16, 2020—two months before the defendant was arrested. The defendant did not contest these exhibits, and he did not present any evidence regarding his relationship with Travis Sewell or explaining how he and the driver of the car happened to be in possession of the vehicle.

The defendant's Motion to Suppress is based solely on arguments that a search incident to arrest does not authorize a search of a vehicle and that the arresting officers lacked probable cause to search the car. (Doc. No. 25.) The government, as indicated above, asserts that it did have probable cause, but it focuses primarily on the argument that Cowan did not have a privacy interest in the rental car under the particular circumstances of this case. It contends that, because the facts relating to the rental contract are undisputed, no evidentiary hearing is necessary. In the alternative, the government argues that, even if the defendant had a reasonable expectation of privacy, the inevitable discovery rule applies—that is, that the arresting police officers, upon discovering that the car in question was a rental car rented to someone other than the defendant (or the driver of the car), would have had the car towed from the scene of the arrest, and they would have conducted an inventory prior to towing.

The defendant did not raise the issue of a reasonable expectation of privacy in the vehicle in his Motion to Suppress, "because it is the government's responsibility to raise this defense." (Doc. No. 30, at 2 (citing *United States v. Knowledge*, 418 F. App'x 405, 408 (6th Cir. 2011)).) However, he also does not attempt to refute the government's argument in his Reply, instead doubling down on his contention that the police lacked probable cause to search the vehicle and asserting that an evidentiary hearing is needed to determine whether the inevitable discovery

doctrine would apply.

## II. WHETHER AN EVIDENTIARY HEARING IS REQUIRED

A district court must hold an evidentiary hearing on a motion to suppress only if the motion is "sufficiently definite, specific, detailed, and non-conjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question." *United States v. Ickes*, 922 F.3d 708, 710 (6th Cir. 2019) (citing *United States v. Abboud*, 438 F.3d 554, 577 (6th Cir. 2006)). Conversely, an evidentiary hearing is not required where the relevant evidence is undisputed or uncontested and the court's resolution of the suppression motion is "entirely legal in nature." *Id.*

Because the court will resolve this case on Fourth Amendment standing, and the defendant has expressly disclaimed any intention to introduce evidence regarding that issue, the court finds that there are no material factual disputes, and an evidentiary hearing is not required. The defendant's request for a hearing, therefore, will be denied.

## III. LEGAL STANDARDS—FOURTH AMENDMENT

The Fourth Amendment of the United States Constitution guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." The purpose of the Fourth Amendment is "to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials." *Taylor v. City of Saginaw*, 922 F.3d 328, 332 (6th Cir. 2019) (quoting *Camara v. Mun. Court of San Francisco*, 387 U.S. 523, 528 (1967)). "[W]hat the Constitution forbids is not all searches and seizures, but unreasonable searches and seizures." *Terry v. Ohio*, 392 U.S. 1, 9 (1968) (quoting *Elkins v. United States*, 364 U.S. 206, 222 (1960)).

The Fourth Amendment "contains no provision expressly precluding the use of evidence obtained in violation of its commands." *Herring v. United States*, 555 U.S. 135, 139 (2009)

(quoting *Arizona v. Evans*, 514 U.S. 1, 10 (1995)). Over the course of many years, the Supreme Court developed the "exclusionary rule," which "forbids the use of improperly obtained evidence at trial." *Id.* The rule is "designed to safeguard Fourth Amendment rights generally through its deterrent effect" and is not a "necessary consequence of a Fourth Amendment violation." *Id.* at 139–40, 141 (quoting *United States v. Calandra*, 414 U.S. 338, 348 (1974)); *see also Davis v. United States*, 564 U.S. 229, 236–37 (2011) ("Exclusion is not a personal constitutional right, nor is it designed to redress the injury occasioned by an unconstitutional search. The rule's sole purpose . . . is to deter future Fourth Amendment violations." (internal quotation marks and citations omitted)).

As a threshold matter, however, the court must determine whether a defendant has "standing" to challenge a particular search.[1] "[B]ecause Fourth Amendment rights are personal, suppression of evidence as 'the product of a Fourth Amendment violation can be successfully urged only by those whose rights were violated by the search itself, not by those who are aggrieved solely by the introduction of damaging evidence.'" *United States v. Powell*, 847 F.3d 760, 768 (6th Cir. 2017) (quoting *United States v. Padilla*, 508 U.S. 77, 81–82 (1993)). To show a violation of his Fourth Amendment rights, then, a defendant must demonstrate "that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable." *United States v. Noble*, 762 F.3d 509, 526 (6th Cir. 2014) (quoting *Minnesota v. Carter*, 525 U.S. 83, 88 (1998)). The defendant has the "burden of establishing his standing to assert a Fourth Amendment

---

[1] The Supreme Court has explained that "[t]he concept of standing in Fourth Amendment cases can be a useful shorthand for capturing the idea that a person must have a cognizable Fourth Amendment interest in the place searched before seeking relief for an unconstitutional search; but it should not be confused with Article III standing, which is jurisdictional and must be assessed before reaching the merits." *Byrd v. United States*, 138 S. Ct. 1518, 1530 (2018). "Fourth Amendment standing is . . . not a jurisdictional question[.]" *Id.*

violation." *United States v. Jenkins*, 743 F. App'x 636, 648 (6th Cir. 2018) (quoting *United States v. Smith*, 263 F.3d 571, 582 (6th Cir. 2001)).

IV.     **THE DEFENDANT FAILS TO ESTABLISH A PRIVACY INTEREST**

It is undisputed, for purposes of the Motion to Suppress, that the defendant, at the time of his arrest, was a passenger in a vehicle that was subject to an expired rental agreement between Hertz and a third party with whom the defendant does not claim to have any relationship. The defendant has not presented any evidence that, if true, would establish that he or the driver of the vehicle was lawfully in possession of the rental car.

Under *Byrd v. United States*, 138 S. Ct. 1518 (2018), the guiding principle for determining whether a defendant has the requisite privacy interest in a rental car, either as passenger or driver, is whether the defendant had "lawful possession and control and the attendant right to exclude" others from the vehicle. *Id.* at 1528; *see also id.* at 1529 ("The central inquiry . . . turns on the concept of lawful possession[.]").

The defendant has not contested the evidence supplied by the government at the detention hearing, and he has expressly disavowed any intention to "produce any evidence related to his reasonable expectation of privacy in the vehicle." (Doc. No. 32, at 1.) As set forth above, once the government raises the issue, the defendant bears the burden of showing that he has standing to raise a Fourth Amendment challenge to a search. *Smith*, 263 F.3d at 582. Here, he has not identified any evidence that would support a reasonable expectation of privacy in the rental car. He has presented no evidence that he had the renter's permission to use or occupy the vehicle. His "failure to present any evidence indicating an expectation of privacy in the [vehicle] means that he has not met his baseline burden to show standing to contest the search." *Jenkins*, 743 F. App'x at 648) (citing *United States v. Pino*, 855 F.2d 357, 360–61 (6th Cir. 1988), *as amended*, 866 F.2d 147 (6th Cir. 1989)).

The court finds, as a result, that the defendant cannot established that he had a valid subjective or objective expectation of privacy in the rental car. For this reason, he cannot establish that his Fourth Amendment rights "were violated by the search itself," *Powell*, 847 F.3d at 768, and his Motion to Suppress must be denied.

## V. CONCLUSION AND ORDER

For the reasons set forth herein, the court finds that there are no material factual disputes that warrant holding an evidentiary hearing. The Motion to Suppress (Doc. No. 25) and the attendant request for a hearing are both **DENIED**.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge