IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) ) ) v. ) ) ) ) JAMES EDWARD COWAN ) | Case No. 3:23-cr-00052 Judge Aleta A. Trauger |

**MEMORANDUM and ORDER**

Before the court is defendant James Edward Cowan's Motion to Dismiss Count 4 of the Indictment. (Doc. No. 46.) Count 4 charges Cowan with violating 18 U.S.C. § 922(g)(1), which prohibits any person previously convicted of a felony from possessing a firearm or ammunition. He argues that this count must be dismissed, because § 922(g)(1) violates the Second Amendment to the United States Constitution. His argument is based on the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022), which created a new test for determining the scope of the Second Amendment. The government opposes the motion. (Doc. No. 48.)

The Sixth Circuit has not opined on the issue before the court post-*Bruen*. It appears that the Third Circuit has concluded, based on *Bruen*, that § 922(g)(1) is unconstitutional insofar as it is applied to non-violent felons. *Range v. Att'y Gen.*, 69 F.4th 96, 106 (3d Cir. 2023). The Eighth and Tenth Circuits, however, have both held that the statute is constitutional, even after *Bruen*, based on the Supreme Court's prior statement in *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008), noting in its opinion striking as unconstitutional certain statutes banning the possession of handguns in the home that its holding should not "be taken to cast doubt on longstanding

prohibitions on the possession of firearms by felons." *See Vincent v. Garland*, 80 F.4th 1197, 1202 (10th Cir. 2023); *United States v. Jackson*, 69 F.4th 495, 505–06 (8th Cir. 2023).

Prior to *Bruen*, the Sixth Circuit repeatedly recognized that § 922(g)(1)'s prohibition on the possession of firearms by previously convicted felons does not violate the Second Amendment. *See, e.g.*, *United States v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010); *United States v. Khami*, 362 F. App'x 501, 507 (6th Cir. 2010); *United States v. Frazier*, 314 F. App'x 801 (6th Cir. Nov. 19, 2008). Those district courts confronted with the question post-*Bruen* have nearly all concluded that *Bruen* did not abrogate the Supreme Court's prior recognition in *Heller* that 18 U.S.C. § 922(g)(1) is presumptively constitutional. *See, e.g.*, *United States v. Foster*, No. 23-cr-20464, 2024 WL 310189, at *2 (E.D. Mich. Jan. 26, 2024) (denying motion to dismiss indictment); *United States v. El Bey*, 1:21-CR-110, 2024 WL 22701, at *2 (S.D. Ohio Jan. 2, 2024) (finding that *Bruen* did not overturn or abrogate *Heller* or *Carey*, which remain binding precedent); *United States v. Atkins*, No. 2:23-cr-20126-MSN, 2023 WL 9166580, at *5 (W.D. Tenn. Dec. 13, 2023) (finding that *Bruen* did not abrogate binding Sixth Circuit precedent that foreclosed both facial and as-applied challenges to § 922(g)(1)).

This court likewise finds that *Bruen* did not abrogate binding Sixth Circuit precedent holding that § 922(g)(1) is constitutional. The defendant's Motion to Dismiss Count 4 of the Indictment is, therefore, **DENIED**.

It is so **ORDERED**.

---
ALETA A. TRAUGER
United States District Judge